Samuel Liebenson v. Commissioner. Irving Salwen v. Commissioner. L. Salwen, Inc. v. Commissioner.
Liebenson v. Commissioner
Docket Nos. 48587, 48588, 48589.
United States Tax Court
T.C. Memo 1954-202; 1954 Tax Ct. Memo LEXIS 42; 13 T.C.M. (CCH) 1070; T.C.M. (RIA) 54308; November 29, 1954, Filed Louis A. Gruhin, Esq., for the petitioners. John J. Madden, Esq., and S. Jarvin Levison, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax in Docket Nos. 48587 and 48588 for the years 1944 to 1946, inclusive, and added 50 per cent penalties to the deficiencies under section 293(b) of the 1939 Code as follows: Docket No. 48587, Samuel Liebenson: Year
Deficiencies
Sec. 293(b)
1944
$1,632.28
$ 816.14
1945
2,577.84
1,288.92
1946
46.00
23.00
Docket No. 48588, Irving Salwen: 1944
$4,190.01
$2,095.01
1945
7,095.62
3,547.81
1946
47.00
23.50
The Commissioner has made claim for increases in the deficiencies *43 and penalties if it is determined by the Court that each petitioner understated the amount of his compensation for services rendered in the tax years to L. Salwen, Inc. *
The Commissioner determined deficiencies of L. Salwen, Inc., in income tax, declared value excess profits tax, and excess profits tax, the period April 1, 1944 to December 31, 1944, and for 1945 and 1946 (or for some of those years), to which he added 50 per cent additions for fraud, under section 293(b) of the 1939 Code, as are set forth in the following schedule. Also, under section 291(a), there were added 25 per cent additions to the excess profits tax for the taxable periods ending on December 31, 1944 and 1945, because no excess profits tax returns were filed for those periods. Docket No. 48589, L. Salwen, Inc.: Income Tax
Year
Deficiencies
Sec. 293(b)
4/1 to 12/31 1944
$ 782.67
$ 391.34
1945
468.59
234.30
1946
185.58
92.79
Declared Value Excess Profits Tax
4/1 to 12/31 1944
$8,058.28
$4,029.14
1945
8,478.83
4,239.42
1946
0
0
*44 Excess Profits Tax
Year
Deficiencies
Sec. 293(b)
Sec. 291(a)
4/1 to 12/31 1944
$40,916.47
$20,458.24
$10,229.12
1945
46,803.37
23,401.69
11,700.84
1956
0
0
0
The returns of all of the petitioners were filed with the collector for the second district of New York. The petitioners admit that income for the taxable periods was understated and that penalties, under section 293(b) and 291(a), properly have been imposed. The petitioners claim that the Commissioner erred in failing to make allowances for the costs of merchandise, the purchases of which were not entered in the books of L. Salwen, Inc. They claim, also, that increases in the amounts of the salaries of the stockholder-employees of L. Salwen, Inc., should be allowed as deductions of the corporation. The only questions to be decided, therefore, are (1) what is the amount, in each year, of the cost of merchandise for which L. Salwen, Inc., has not received allowance, if any; and (2) what amounts constitute reasonable allowances, in each year, for the compensation of each of the stockholder-employees of the corporation, for services rendered. Findings of Fact L. Salwen, Inc., Docket *45 No. 48589 L. Salwen, Inc., was incorporated on May 1, 1944, under the laws of New York, to conduct a wholesale notions and small dry goods business which formerly was conducted as a sole proprietorship by the father of Irving Salwen and two others. Its place of business is on Orchard Street, New York City. During the taxable years involved, 50 per cent of petitioner's stock was owned by Irving Salwen, and 48 per cent of the stock was owned by Samuel Liebenson and Samuel Steckelman. The rest of the stock constituted "qualifying shares." For the purposes of these proceedings the three stockholders above mentioned are regarded as the sole stockholders. The three stockholders were also the officers of L. Salwen, Inc., which is hereinafter referred to as "the corporation." The three stockholders were employed by the corporation during the period under consideration. Each was paid a salary of at least $70 per week. For the period April 1 to December 31, 1944, and for the years 1945 and 1946, the corporation reported taxable net income in the amounts of $4,584.07, $8,264.46, and $5,263.07, respectively. The petitioners admit that the corporation's taxable net income for 1946 was understated *46 in the amount of $802.50, as the Commissioner has determined. During 1944, 1945, and 1946, there were scarcities of the goods ordinarily bought and sold by the corporation. The corporation purchased merchandise during these years in the "black market" at over-ceiling prices. Such purchases were not recorded in the corporation's books of account. The receipts from the resale of such purchases were not recorded in the corporation's books. In the income tax returns of the corporation, gross receipts from the resale of "black market" purchases and at least part of the cost of such purchases were omitted. The corporation made sales at over-ceiling prices. The mark-up for resale of some of the merchandise purchased in the "black market" was at least 10 per cent; the mark-up for resale of other "black market" merchandise was less than 10 per cent. The Commissioner determined that the amount of gross sales for each taxable period was understated to the extent of $60,308.44, $65,956.96, and $802.50. In determining the deficiencies, the Commissioner did not make any increases in the costs of goods sold which were reported in the corporation's returns. The Commissioner's determinations *47 of the amounts of annual understatements of sales did not reflect the allowance of any amounts for the costs of merchandise, so that although receipts from sales were increased, no increases were made in the costs of merchandise. Furthermore, in determining the deficiencies for 1944 and 1945, the Commissioner disallowed, as unsubstantiated, the reported cost of goods sold to the extent of $2,405.07 and $2,512.10, respectively. The Commissioner's adjustments for 1944 and 1945 resulted in increasing the corporation's taxable net income by $62,713.51 and $68,469.06, respectively. Such increases amounted to $131,182.57 for the two years 1944 and 1945. In its returns for 1944, 1945, and 1946, the corporation omitted from gross receipts from sales the gross amounts of $60,308.44, $65,956.96, and $802.50, respectively. The corporation expended for merchandise in 1944 and 1945 the entire amount of costs reported in its returns for those years. The Commissioner erred in disallowing deduction, for cost of merchandise, of $2,405.07 for 1944, and of $2,512.10, for 1945. In addition to the cost of merchandise which the corporation reported and deducted in its return for 1944, the corporation *48 expended $17,600 for merchandise, and it did not include that amount in cost of merchandise in its return for 1944. In addition to the cost of merchandise which the corporation reported and deducted in its return for 1945, the corporation expended $19,488 for merchandise, and it did not include that amount in cost of merchandise in its return for 1945. The corporation's net income for 1944 and 1945, after the allowance of deductions for increases in the amounts of costs of merchandise purchased in those years, as set forth in the two preceding paragraphs, was understated to the extent of $42,708.44 and $46,468.96, respectively. Samuel Liebenson and Irving Salwen, Docket Nos. 48587, 48588 Each of the three stockholder-employees of the corporation devoted all of his time to the conduct of the business of the corporation in 1944 and 1945. Each worked from 10 to 12 hours a day for the corporation. Each was paid compensation for his services at the same rate, namely, a salary of at least $70 per week. However, each stockholder-employee was paid more than $70 per week for his services, in cash, and such additional cash payments were neither entered in the corporation's books nor *49 deducted as salary expense in the corporation's returns for 1944 and 1945. Each stockholder-employee of the corporation received, during 39 weeks of 1944 and 52 weeks of 1945, additional cash payments, above $70 per week, as compensation for services actually rendered to the corporation, of at least $25 per week. These additional cash payments by the corporation to the three stockholder-employees totaled $2,925 for 1944 and $3,900 for 1945. The sums of $2,925 and $3,900 constitute additional ordinary and necessary business expense, for salaries, in each year, 1944 and 1945, respectively. *
Irving Salwen and Samuel Liebenson were indicted by the Grand Jury for the Southern District of New York for willfully and knowingly attempting to defeat and evade a large part of the taxes due and owing by the corporation, L. Salwen, Inc., for 1944 and 1945. Both were convicted of the charges upon their pleas of "guilty," and both were sentenced to serve one year in prison. The corporation failed to file an excess profits tax return for the taxable period, April 1 to December 31, 1944, and for the calendar year 1945. These failures *50 were due to wilful neglect and were not due to reasonable cause. A part, at least, of each deficiency of the corporation in income tax, in declared value excess profits tax, and in excess profits tax was due to fraud with intent to evade tax. A part, at least, of each deficiency of Samuel Liebenson and Irving Salwen was due to fraud with intent to evade tax. Opinion 1. L. Salwen, Inc., Docket No. 48589 The corporation does not contest the deficiency in income tax for the year 1946, in the amount of $185.58. It admits that a part, at least, of each deficiency in income tax, declared value excess profits tax, and excess profits tax is due to fraud with intent to evade tax. It admits, also, that 25 per cent penalties for 1944 and 1945 have been imposed properly under section 291(a) of the 1939 Code for failure to file excess profits tax returns for 1944 and 1945. The questions to be decided relate only to the taxable periods, 1944 and 1945. The corporation admits that in its returns for these two periods, gross sales were understated in the gross amounts of $60,308.44 and $65,956.96, respectively. It contends, however, that the Commissioner erred in reducing cost of merchandise *51 reported in its return for each year by $2,405.07 and $2,512.10, respectively. The corporation contends that it is entitled to a deduction of $40,000 in 1944, for cost of merchandise sold (which amount includes the sum of $2,405.07, which has been disallowed) and to a deduction of $43,182.57 in 1945, for cost of merchandise sold (which amount includes the $2,512.10, which has been disallowed). In other words, the corporation makes claim for additional deductions for costs of goods sold in the net amounts of $37,594.93 and $40,670.47, for 1944 and 1945, respectively, which net amounts were not deducted in its returns. By amendment to its petition, the corporation has made claims for an additional deduction in each of the years 1944 and 1945, for compensation paid to its three stockholder-employees in the total amount of $20,280, which sum represents $130 per week for each of the three employees. Each employee was paid at least $70 per week as salary. The corporation claims that each was actually paid $200 per week, or $130 more than was entered in its books and reported in its returns. The Commissioner allowed deduction in each year of the amount which was deducted in the returns *52 as compensation to the three employees, namely $70 per week for each. Upon consideration of all of the evidence it has been found that the Commissioner erred in reducing the cost of merchandise deducted in the returns for 1944 and 1945 by $2,405.07 and $2,512.10, respectively. It is so held. The evidence which the corporation relies upon in support of its claim for additional deductions for costs of merchandise is not sufficient to support the entire amount of the deductions claimed, but it does establish that the corporation expended in 1944 and 1945 sums which were not deducted in the returns and which were not entered in its books. Applying the rule of , and bearing heavily upon the petitioner for its failure to keep accurate and complete records of all of its expenditures for merchandise, it has been found that the corporation expended for merchandise $17,600 in 1944, and $19,488 in 1945, which was not entered in its books, or deducted in its returns. It is held that the corporation is entitled to an additional deduction in 1944 and in 1945 in the above amounts, respectively. Allowance of such additional deduction in each *53 year will result in reduction of the amount of unreported income to the net amounts of $42,708.44 for 1944, and $46,468.96 for 1945. Upon all of the evidence, we find that a reasonable allowance for the compensation of each stockholder-employee, for services actually rendered in 1944 and 1945, is $95 per week, which represents $25 per week more than was deducted in the returns. We are satisfied, also, that each employee was paid at least $95 per week, as salary during each year. This conclusion is made under the rule of The evidence adduced does not sustain the claims for an allowance of $200 per week for compensation to each employee ( $130 per week more than was originally claimed). It is held that the corporation is entitled to an additional deduction for salary expenses of $2,925 for 1944 and $3,900 for 1945. [1]
2. Samuel Liebenson, Docket No. 48587. Irving Salwen, Docket No. 48588. The petitioners in these proceedings do not of themselves contest any of the determinations of the Commissioner, except that they claim the right to have the income charged to them as Stockholders *54 of L. Salwen, Inc. reduced in their individual deficiencies. Such reductions would be the same amount that the Court has found that the asserted income of L. Salwen, Inc. should be reduced for the years 1944 and 1945 due to the additional allowances here found to be proper for cost of merchandise and increased officers' salaries. They also agree to the addition of 50 per cent penalties for fraud under section 293(b) of the 1939 Code. [1]
The petitioners agreed at the trial of these proceedings that their net income for 1944 and 1945 should be increased by such amounts as the Court might find as representing additional compensation from the corporation. Therefore, the net income for 1944 and 1945 of each petitioner, Samuel Liebenson and Irving Salwen, should be increased by the sum of $1,300 for additional compensation received in each of those years from L. Salwen, Inc., which was omitted from income reported in their returns. The respondent made claim at the trial of these proceedings for increases in the deficiencies and penalties for 1944 and 1945 due from Liebenson and Salwen in the event the Court should find that the *55 corporation is entitled to deductions for additional compensation to the three stockholder-employees. Decisions will be entered under Rule 50. Footnotes
*. The first sentence of this paragraph, before it was deleted by a Tax Court Order dated January 7 and signed by Judge Harron, read as follows: "The petitioners in Docket Nos. 48587 and 48588 do not contest the deficiencies and penalties."↩
*. Changed by Tax Court Order dated January 7, 1955.↩
1. Changed by Tax Court Order dated January 7, 1955.↩
1. Changed by Tax Court Order dated January 7, 1955.↩